UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMZI MANSOUR,<br><br>    Petitioner,<br><br>    v.<br><br>C. E. DUCART,<br><br>    Respondent. | NO. CV 14-8560-CAS (AGR)<br><br>ORDER TO SHOW CAUSE |

On November 4, 2014, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before ***December 22, 2014***, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.
# PROCEDURAL BACKGROUND

On May 13, 2010, a Los Angeles County jury convicted Petitioner of robbery and found a firearm enhancement true. (Petition at 2). On June 28, 2010, Petitioner was sentenced to 17 years in prison. (Petition at 2); *People v. Mansour*, 2011 WL 5531021, *1 (Cal. App. Ct. Nov. 15, 2011). On November 15, 2011, the California Court of Appeal affirmed the conviction. (Petition at 2-3.) Petitioner did not file a petition for review in the California Supreme Court. (Petition at 3.)

On December 27, 2012, Petitioner filed a habeas petition in the Los Angeles County Superior Court, which was denied on January 10, 2013. (*Id.* at 3-4). On May 6, 2013, Petitioner filed a habeas petition in the Court of Appeal, which was denied on May 14, 2013. (*Id.* at 4.) On June 10, 2013, Petitioner filed a habeas petition in the California Supreme Court, which was denied on August 21, 2013. (*Id.* at 4-5.)

On October 30, 2014, Petitioner constructively filed the instant petition in this court in which he raises two grounds. (Petition at 5; Back of envelope.)

# II.
# STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)

The Court of Appeal affirmed Petitioner's conviction on November 15, 2011. Because Petitioner did not file a petition for review with the California Supreme Court, his conviction became final 40 days later on December 26, 2011.[1] *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). Absent tolling, the statute of limitations expired on December 26, 2012.

#### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner states that his first habeas petition was filed on December 27, 2012 (Petition at 3), one day after the statute of limitations expired. Therefore, Petitioner is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).

#### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this

---

[1] Forty days from November 15, 2011 is December 25, 2011, which fell on a Sunday.

3

reason only when "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B.     Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *Hasan*, 254 F.3d at 1154 n.3.

In Ground One, Petitioner argues that his trial counsel failed to "either investigate and/or have important witnesses testify." (Petition at 5.) Petitioner argues that counsel should have had "critical defense witnesses" testify, which would have undermined the credibility of the robbery victim. (Petition, Memorandum at 10.) Petitioner was aware of the factual predicate of Ground One at the time of trial. Therefore, the date of discovery does not assist him.

In Ground Two, Petitioner argues that his appellate counsel failed to raise a claim of insufficient evidence to find the gun enhancement true. (Petition at 5.) Petitioner argues that the prosecution "failed to prove any of the essential elements" of the gun enhancement. (Petition, Memorandum at 19.) Petitioner

4

1  was aware of the factual predicate in support of Ground Two when counsel filed
2  his opening brief, which was on January 26, 2011.  *See* California Appellate
3  Courts Case Information online docket in Case No. B225591.  Therefore, the date
4  of discovery does not assist Petitioner.

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before ***December 22, 2014***, Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to respond to the order to show cause by December 22, 2014, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED:  November 20, 2014

*alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge