O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMZI MANSOUR,<br><br>    Petitioner,<br><br>    v.<br><br>C. E. DUCART,<br><br>    Respondent. | NO. CV 14-8560-CAS (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Amended Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

    On November 4, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his 2010 conviction. On November 20, 2014, the magistrate judge issued an order to show cause ("OSC") why the petition should not be dismissed based on expiration of the statute of limitations, returnable by December 22, 2014. (Dkt. No. 3.) On January 9, 2015, after

Petitioner had not filed a response to the OSC, the magistrate judge filed a Report and Recommendation. (Dkt. No. 4.)

On January 28, 2015, Petitioner filed a document in which he stated that he had submitted a response to the OSC but had mailed it to another court by mistake. Petitioner did not attach the response. On February 2, 2015, the magistrate *sua sponte* extended the time for Petitioner to file a response to the OSC. (Dkt. No. 7.) On February 20, 2015, Petitioner filed a response, which the Court construes as objections to the Report ("Objections #1").

On February 26, 2015, the magistrate judge filed an Amended Report with the same recommendation. (Dkt. No. 9.)

Petitioner's objections focus on equitable tolling. The statute of limitations expired on December 26, 2012. (Amended Report at 3.) Because Petitioner did not constructively file his first state habeas petition until December 27, 2012, he was not entitled to statutory tolling for the subsequent habeas petitions he filed in California. (*Id.*)

Petitioner does not dispute the dates but alleges that he attempted to submit the habeas petition to prison officials on December 25 and 26 but they refused to accept it because of the holidays. (Objections #1 at 3.)

Petitioner also alleges he was unable to obtain his trial transcripts until April 2012 and states that he is entitled to equitable tolling of 150 days.[1] (*Id.* at 4.)

Finally, Petitioner alleges that his access to the law library during the following periods of time was impeded because of prison lockdowns: August through December 2011, March to April 2012, July to September 2012, and October to November 2012. (*Id.* at 4-5.)

On March 16, 2015, Petitioner filed a "Notice of Motion Requesting Leave to Amend and Reconsideration of Habeas Claims Contained Therein to Show

---

[1] Petitioner does not explain how he arrived at the 150 day figure.

Cause," which the Court construes as additional objections ("Objections #2"). On March 27, 2015, Petitioner filed "Petitioner's Response to Show Cause" and "Notice of Motion for Objections to the Report and Recommendation of the United States Magistrate Judge," which the Court construes collectively as more objections ("Objections #3").

The only document relevant to the statute of limitations in Objections #2 is Exhibit D, which purports to be Petitioner's response to the magistrate judge's order to show cause that he sent to the wrong court. The Court has reviewed Ex. D and finds that Petitioner's arguments are the same as the ones he made in Objections #1. The Court has also reviewed Objections #3 and finds that Petitioner makes the same arguments he made in Objections #1 and #2.

Assuming without deciding that Petitioner is entitled to statutory tolling and that his other equitable tolling claims are valid, the petition is still time-barred. Petitioner's last state habeas petition was denied by the California Supreme Court on August 21, 2013. (Amended Report at 2.) Petitioner did not constructively file the federal petition here until October 30, 2014. (*Id.*) Thus, Petitioner waited 435 days, well over a year, from the California Supreme Court's denial to the filing in this court. In his three sets of objections, Petitioner has not identified any reason for such a long delay. *See Curiel v. Miller*, 2015 WL 1259520, *1, *4 (9th Cir. March 19, 2015) (petitioner could not justify a six-month delay after the California Supreme Court denied his habeas petition and he filed his federal petition in the district court).

Petitioner's remaining objections are irrelevant and have no merit.

IT IS ORDERED that judgment be entered denying the petition and dismissing the action with prejudice.

DATED: April 13, 2015

_____
CHRISTINA A. SNYDER
United States District Judge